IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                       Plaintiff,

v.

JACQUELINE SCHELLINGER,

                       Defendant.[1]

OPINION and ORDER

20-cv-1138-jdp

---

      Robert Pierre Kidd, appearing pro se, is a prisoner at Waupun Correctional Institution. Kidd has filed a pleading styled as a civil complaint against the judge in his 2001 criminal case, in which he was convicted of three counts of second-degree reckless homicide. *See* Milwaukee County Case No. 2001CF2489. He contends that the judge initially refused to accept his plea and then would not give him a jury trial; he ultimately pleaded guilty. But aside from a cursory statement that he wants money damages, the focus of his pleading and various additional submissions is his request to reopen his criminal case or release him from prison. I will consider his filing as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

      As I have previously explained to Kidd, I cannot consider his habeas claims because he has already brought a habeas petition about this conviction. In 2004, Kidd brought an unsuccessful habeas petition in the United States District Court for the Eastern District of Wisconsin, challenging the same conviction. *Kidd v. McCaughtry*, No. 04-C-604, 2007 WL 128355 (E.D. Wis. Jan. 8, 2007). If Kidd believes that he qualifies for an exception to the rule

---

[1] I have amended the caption to reflect the proper spelling of defendant Schellinger's name.

against filing successive petitions, he must seek permission to file his petition with the court of appeals.

I note further that even had I considered Kidd's pleading as a civil complaint, his claims for damages against a state-court judge would be meritless: judges have absolute immunity for damages claims based on judicial conduct. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006).

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not debate whether this petition qualifies as "second or successive," I will not issue Kidd a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Because I am treating Kidd's filing as a petition for writ of habeas corpus rather than a civil-rights complaint, I will direct the clerk of court to keep the $5 habeas filing fee and return to Kidd the remainder of the civil-action filing-fee payments he has made. Kidd has filed a submission asking for refund of filing-fee payments that were made using his veteran's pension.

Dkt. 18. I will deny that motion with regard to the $5 habeas filing fee, and the motion is otherwise moot as a result of this order.

ORDER

IT IS ORDERED that:

1. The petition for writ of habeas corpus filed by Robert P. Kidd, Dkt. 1, is DISMISSED for lack of authorization as a second or successive application.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3. The clerk of court is directed to refund petitioner's filing-fee payments in this case exceeding the $5 fee for filing a habeas corpus petition.

4. Petitioner's motion for refund of veteran's pension funds, Dkt. 18, is DENIED as explained in the opinion above.

Entered August 13, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge